IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

   Plaintiff.

v.

**ORVILLE PACHECO-QUIÑONES**,

   Defendant.

Civil No. 23-1251 (BJM)

## OPINION AND ORDER

The United States brought this action against Orville Pacheco-Quiñones ("Pacheco") seeking to reduce to judgment unpaid tax assessments. The complaint alleged that Pacheco failed to pay federal taxes totaling $83,998.59 as of June 24, 2024, for tax years 2012 through 2017. Docket No. (Dkt.) 1. Before this court is the government's unopposed motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the government's motion is **GRANTED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first "inform[] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine

issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

A defendant's failure to respond to a motion for summary judgment means that the court may consider the motion to be unopposed. *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004). In addition, the court will take as true any uncontested statements of fact. *Id.* at 41-42; *See* L. R. CIV. P. 56(e). However, this does not mean the court will automatically grant summary judgment on behalf of the moving party. The court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." *Velez*, 375 F.3d at 42.

## BACKGROUND

This summary of the facts is guided by Plaintiff's Local Rule 56 statements of uncontested facts. *See* Docket No. 24-1.[1]

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

Orville Pacheco-Quiñones is a resident of Fajardo, Puerto Rico. Dkt. 1 at 1. Starting in 2012 through 2017, the Internal Revenue Service ("IRS") issued tax assessments against Pacheco for individual income tax (Form 1040) liabilities due. SUMF ¶¶ 1–4.

The individual assessments occurred as follows:

On June 24, 2013, the IRS assessed against Pacheco $4,386 for unpaid individual income tax for the period ending December 31, 2012. Dkt. 24-2. As of June 24, 2024, the balance due on the individual income tax assessment for that period was $1,302.74. *Id.*

On May 19, 2014, the IRS assessed against Pacheco $7,279 for unpaid individual income tax for the period ending December 31, 2013. Dkt. 24-2. As a result of non-payment, Pacheco was charged $4,581.47 in late fees. *Id.* at 11-13. Additionally, Pacheco has accrued $2,023.36 in interest. *Id.* at 11. As of June 24, 2024, the balance due on the individual income tax assessment for that period was $13,883.83. *Id.*

On September 14, 2015, the IRS assessed against Pacheco $8,742 for unpaid individual income tax for the period ending December 31, 2014. Dkt. 24-2. As a result of non-payment, Pacheco was charged $5,248.35 in late fees. *Id.* at 14-17. Additionally, Pacheco has accrued $2,396.75 in interest. *Id.* at 14. As of June 24, 2024, the balance due on the individual income tax assessment for that period was $16,387.10. *Id.*

On April 17, 2017, the IRS assessed against Pacheco $9,571 for unpaid individual income tax for the period ending December 31, 2015. Dkt. 24-2. As a result of non-payment, Pacheco was charged $8,168.21 in late fees. *Id.* at 18-20. Additionally, Pacheco has accrued $3,038.99 in interest. *Id.* at 18. As of June 24, 2024, the balance due on the individual income tax assessment for that period was $20,778.20. *Id.*

On September 24, 2018, the IRS assessed against Pacheco $8,143 for unpaid individual income tax for the period ending December 31, 2016. Dkt. 24-2. As a result of non-payment, Pacheco was charged $6,472.69 in late fees. *Id.* at 21-24. Additionally,

United States v. Orville Pacheco-Quiñones., Civil No. 23-1251 (BJM)                                4

Pacheco has accrued $2,503.89 in interest. *Id.* at 21. As of June 24, 2024, the balance due on the individual income tax assessment for that period was $17,119.58. *Id.*

On October 1, 2018, the IRS assessed against Pacheco $8,123 for unpaid individual income tax for the period ending December 31, 2017. Dkt. 24-2. As a result of non-payment, Pacheco was charged $4,279.41 in late fees. *Id.* at 25-28 Additionally, Pacheco has accrued $2,124.73 in interest. *Id.* at 25. As of June 24, 2024, the balance due on the individual income tax assessment for that period was $14,527.14. *Id.*

Despite notice and demand for payment, Pacheco failed to fully pay assessed tax liabilities; and as of June 24, 2024, Pacheco's tax liability, including unassessed penalties and interest, totaled $83,998.59. Dkt. 24-1 at 2; Dkt 24-2. Based on Pacheco's failure to pay, the Government initiated suit on May 18, 2023, and moved for summary judgment on August 19, 2024. Dkts. 1, 24. Pacheco did not respond to the government's motion for summary judgment. However, in answering the government's interrogatories, Pacheco stated he was searching for the documents and records pertaining to his tax liabilities from 2012 through 2017; however, due to Hurricane Maria, many of these documents were lost or damaged. Dkt. 24-3.

## DISCUSSION

It is well established that IRS tax assessments are presumptively correct. *See e.g.*, *United States v. Flor D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *MedChem (P.R.), Inc. v. Comm'r*, 295 F.3d 118, 123 (1st Cir. 2002). Courts have generally found that account transcripts accompanied by a declaration of an IRS agent are presumptive proof of the tax assessments. *See e.g.*, *United States v. Novelli*, Case No. SA CV 14-0018-DOC (AN), 2016 WL 6995356, at *3 (C.D. Cal. Aug 30, 2016) ("Plaintiff has provided account transcripts showing a series of tax assessments were made beginning January 5, 2004 and provided an affidavit from an internal revenue agent certifying the transcripts are correct.... These transcripts and declarations provide a sufficient evidentiary foundation."); *United States v. Belzner*, Civil No. WDQ-13-2414, 2014 WL 1344187, at

*3 (D. Md. April 3, 2014) ("[t]he Government has supported its motion [for default judgment] ... with the Strong declaration, Certificates of Official Record (Form 2866), and IRS Account Transcripts. Accordingly, the Government has supported its claim for unpaid federal income taxes, penalties, and statutory interest...." (citations omitted)), R&R adopted by 2014 WL 2153938; *United States v. Goodman*, 527 Fed.Appx. 697, 699 (10th Cir. 2013) (sworn declaration by IRS revenue officer and IRS Transcripts sufficient to establish government's prima facie case); *United States v. Bennett*, No. 8:09-CV-1952-T-27-TGW, 2011 WL 7090744, at *2 (M.D. Fl. June 7, 2011) ("Transcripts of account that identify the taxpayer by name, address and social security number, specify that the tax liability pertains to federal income tax payments, identify each tax year for which a liability has been assessed, and provide the date and amount of each assessment, payment, credit, penalty and accrued interest satisfy the requirements of 26 U.S.C. § 6203 and 26 C.F.R. §301.6203-1. A transcript of account that is authenticated and signed by a IRS officer who certifies that the transcript is a 'true literal Transcript of Account showing assessments and payments' for the taxpayer for each relevant tax year, it is evidence of the fact and amount of the assessment." (citations omitted)); *United States v. Henry*, No. 8:09-cv-1963-JDWTBM, 2010 WL 299249, at *2 (M.D. Fl. Jan. 21, 2010) (accepting declaration of IRS officer and Account Transcripts as sufficient to prove government's prima facie case that tax assessments were valid and enforceable); *Shelter Mut. Ins. v. Gregory*, 555 F. Supp. 2d 922, 932 (M.D. Tenn. 2008) ("[C]ourts have routinely determined the validity of tax assessments based on certified transcripts reflecting the same assessments." (citations omitted)); *United States v. Guerriero*, No. Civ. A. 04-3958(MLC), 2006 WL 231599, at *2 (D.N.J. Jan. 30, 2006) ("The United States has submitted the declaration of ... a Technical Services Advisor for the IRS, to attest to the assessments listed supra. Accompanying his declaration are copies of the "literal transcripts" itemizing the tax assessments for the various years. Thus, the United States has met its burden of demonstrating prima facie entitlement to summary judgment

United States v. Orville Pacheco-Quiñones., Civil No. 23-1251 (BJM)                                    6

in its favor." (citations omitted)). Following submission of proof of a tax assessment, "[the taxpayer] bears the burden of producing evidence to counter these presumptions." *Hobbs v. Comm'r*, 32 F.3d 561 (1st Cir. 1994) (per curiam) (unpublished decision); *see also United States v. GZ Construction ST, Inc.*, Civ. No. 15-1025 (GAG), 2018 WL 4433333, at *3 (D.P.R. Jan. 16, 2018).

Here, for each claimed tax assessment, the government provided account transcripts along with the declaration of IRS agent Lourdes Rodriguez as evidence that the tax assessment was made. Dkt. 24-2. These transcripts are presumptive proof of valid assessments, and Pacheco-Quiñones has not offered any evidence to show that he is not liable. As such, there are no genuine issues as to material facts and the government's motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion for summary judgment is **GRANTED**. Judgment will be entered against Orville Pacheco-Quiñones in the amount of $83,998.59, as of June 24, 2024, plus statutory additions accruing after that date.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 27th day of September, 2024.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge